IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEBRA L. KENT                                                    PLAINTIFF

v.                              CIVIL ACTION NO. 5:10-CV-195 DCB-RHW

VICKSBURG HEALTHCARE, LLC d/b/a
RIVER REGION MEDICAL CENTER AND
DARLENE WHITE, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY                                        DEFENDANTS

## Opinion and Order

This cause is before the Court on the Plaintiff's Application for Review of Order Denying Motion to Propound Additional Discovery and Granting Motion for Protective Order [**docket entry no. 78**] filed pursuant to Federal Rule of Civil Procedure 72(a). Having considered said Application, the Defendants' opposition thereto, Magistrate Judge Walker's December 8, 2011 Order (the "Order"), applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### Facts and Procedural History

Plaintiff Debra Kent filed the instant Title VII and § 1981 race discrimination and retaliation suit against River Region Medical Center ("River Region") and Darlene White, in her individual and official capacity. Shortly before the period for discovery had expired, Kent propounded nearly one-hundred requests for the production of certain documents, a number that exceeded the thirty permissible requests provided by the Court's Case Management

Order ("CMO") [docket entry no. 13].[1] In response to these requests, Defendants asked the Court to prohibit the discovery of all materials related to (1) the Mississippi Department of Health's ("MSDH") inspection reports regarding the accreditation of River Region's street clinic, and (2) The Joint Commission's ("TJC") similar reports with regard to River Region's clinical laboratory.[2] The Defendants maintained that these documents were not relevant to Kent's claims and that Mississippi law renders these accreditation and inspection documents undiscoverable. Miss. Code Ann. § 41-63-21, et. seq.

Kent, in turn, filed a motion requesting the court's authority to propound the additional requests [docket entry no. 74], and the Defendants opposed this Motion. Noting that the Parties had previously agreed that the case should be assigned to the standard track, Judge Walker determined that Kent's "vague and general assertions" as to why to she sought additional discovery failed to constitute good cause to deviate from the agree-upon scheduling order. See Order at 2 (citing Fed. R. Civ. Pro. 16(b)(4)).

---

[1] The Court notes that Judge Walker had already modified the CMO once to extend the deadline for discovery based on late-discovered information.

[2] The Defendants explain that the Clinical Laboratories Improvement Amendments ("CLIA") to the Clinical Laboratories Improvement Act, 42 U.S.C. § 263a, require laboratories to obtain CLIA certification by undergoing biannual inspections. See 49 C.F.R. Pt. 493. The regulations permit qualified independent organizations or state agencies to complete inspection reports and certify compliance with the CLIA.

Accordingly, he denied her Motion to Propound Additional Discovery. Id. at 1. Further, Judge Walker ruled that the MSDH and TJC inspection reports and related materials were not relevant to Kent's cause and were not discoverable under Mississippi law. Order at 4-6. Therefore, he granted the Defendants' request for a protective order. Miss. Code Ann. § 41-63-23. Kent now appeals these findings.

## Standard of Review

Federal Rule of Civil Procedure 72(a) provides that the district court reviews a magistrate judge's nondispositive orders for clear error or incorrect conclusions of law. Hutson v. Mississippi Hosp. Ass'n, No. 3:11-CV-00113-CWR-FKB, 2011 WL 3793919, at *1 (S.D. Miss. Aug. 24, 2011). The clear-error standard of review is "extremely deferential." Bailey Metals, LLC v. Superior Boat Works, No. 4:08-CV-153-P-S, 2011 WL 320805, at * 1 (N.D. Miss. Jan. 31, 2011) (quoting Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). Accordingly, the Court will only modify or set aside an Order if it is left with the "definite and firm conviction that a mistake has been committed." Superior Boat Works, 2011 WL 320805, at * 1 (internal quotations omitted).

## Analysis

### A. Protective Order

In her briefs before the Court, Kent submits that the

Defendants' stated reason for firing her--the late submission of a lab report--is a pretext for the unlawful termination of her employment. Kent's theory is that White, her direct supervisor at the laboratory, retaliated against her after she reported to Human Resources Director Rebecca Colombus that White illegally backdated certain testing results. Morever, Kent maintains that White lacked the necessary qualifications to hold her position at the hospital and attempts to connect White's alleged lack of credentials to her argument that White retaliated against her. Accordingly, Kent primarily sought the inspection reports in order to find evidence to support this claim.

After considering this argument, Judge Walker found that Kent failed "by any convincing measure to draw a connection between Defendant White's alleged lack of credentials or education to supervise and the alleged retaliatory and race-based termination of Plaintiff's employment." Order at 5. The Court finds it equally difficult to see how exposing White's alleged lack of credentials would bolster Kent's retaliation claim. More generally, Judge Walker found that Kent failed to show that the MSDH or TJC reports would aid the prosecution of her claim. See id. The Court agrees that Kent has not shown that her requests are "reasonably calculated to lead to the discovery of admissible evidence", FED. R. CIV. P. 26(b)(1), and that Judge Walker did not err in concluding that the requested documents and information therein were not

4

relevant to Kent's cause. <u>Hutson</u>, 2011 WL 3793919, at *1.

Moreover, there is no merit to Kent's assertion that the Defendants' cursory reference to a TJC inspection report in response to Kent's EEOC claim automatically renders all reports and correspondence of the MSDH or TJC discoverable.[3] To show good cause for altering the CMO, Kent bore the burden on convincing Judge Walker that each of her requests was reasonably calculated to lead to admissible evidence. As demonstrated above, she was unable to make this showing. If this Court later finds that the Defendants have relied or intend to rely on materials withheld in discovery in defense of Kent's claim, it will revisit Kent's concerns that the Defendants are using the TJC inspection report referenced in the EEOC letter as both "a sword and a shield."[4]

Because the Court finds that Judge Walker did not clearly err in determining that the accreditation and inspection reports are not relevant to Kent's cause, the Court finds it unnecessary to address whether the documents subject to the Protective Order are undiscoverable under Mississippi law. The Court makes no finding in this regard.

---

[3] The Defendants assert that Kent misinterpreted River Region's response to the EEOC charge. <u>See</u> Defendant's Response to Application for Review at 7.

[4] Further, with respect to the TJC executive summary referenced in White's deposition, <u>see</u> White depo. at 148-54, it was Kent's attorney who, having acquired this report--presumably through discovery--used it to question White. Kent may not now argue that all reports are discoverable by way of the opposing counsel's failure to object to this one particular report.

**B. Motion to Propound Additional Discovery**

As for the discovery requests which fall outside of the Protective Order, Judge Walker individually examined each of Kent's requests, providing reasons why they were not "reasonable and necessary." The Court is not inclined to waste its time and resources by individually reaffirming each reason provided in the Order, particularly since Kent fails to specify how these documents would be helpful to her case. The Court has carefully reviewed Judge Walker's determination that Kent failed to show good cause for modifying the CMO to accommodate Kent's additional discovery requests and is not left with the "definite and firm conviction that a mistake has been committed." Superior Boat Works, 2011 WL 320805, at * 1; see Order at 2-4.

For the foregoing reasons,

**It IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration [**docket entry no. 78**] of Judge Walker's Order Denying Motion to Propound Additional Discovery and Granting Motion for Protective Order is **DENIED.**

So **ORDERED and ADJUDGED,** this the 19th day of January, 2012.


    /s/ David Bramlette    

**UNITED STATES DISTRICT JUDGE**

6