```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**DEBRA L. KENT**                                              **PLAINTIFF**

**v.**                           **CIVIL ACTION NO. 5:10-CV-195 DCB-RHW**

**VICKSBURG HEALTHCARE, LLC d/b/a**
**RIVER REGION MEDICAL CENTER AND**
**DARLENE WHITE, INDIVIDUALLY AND**
**IN HER OFFICIAL CAPACITY**                                   **DEFENDANTS**

## OPINION AND ORDER

The cause is before the Court on Plaintiff's Motion Objecting to Bill of Costs [**docket entry no. 111**]. Having carefully considered the Motion, the Defendants' response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Procedural History

On April 20, 2012, this Court granted summary judgment in favor of the Defendants and entered a Final Judgment dismissing Plaintiff Debra Kent's claims against all Defendants with prejudice. Shortly thereafter, the Defendants timely filed their Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), and the Clerk taxed costs against Kent in the amount of $7243.55. Kent concedes that the Defendants, as the prevailing party, are entitled to costs as enumerated in 28 U.S.C. § 1920, but she objects that the following costs assessed against her are not recoverable under the statute: (1) fees for printed or electronically recorded transcripts associated with the depositions

taken in this case, (2) fees for printed transcripts associated with the Court's April 11, 2012 hearing, (3) fees for making or obtaining copies of her prior employment discrimination lawsuit and Mississippi Department of Employment Security (MDES) file. See 28 U.S.C. § 1920.[1]

## II. Analysis

*Depositions of Debra Kent, Dr. Veena Shenoy, Darlene White, Hal Harrington, Vance Reynolds, and Rebecca Columbus*

First, Kent objects to paying the Defendants' costs associated with her own deposition, as well as the depositions of Dr. Veena Shenoy, Defendant Darlene White, Hal Harrington, Vance Reynolds, and Rebecca Columbus, because the Defendants failed to show "what portions" were actually used in this case. See Pl.'s Objection to Bill of Costs ¶ 5 (citing S. Surgery Ctr., LLC v. Fid. & Guar. Ins., 2008 WL 5272093, at *2 (S.D. Miss. Dec. 17, 2008)). As an initial matter, it is not the law in this jurisdiction that a prevailing party must indicate what specific portions of a deposition were actually used to justify the deposition's necessity to the case. The Court in Southern Surgery Center merely stated that identifying which specific portions of a deposition were used in the case would have aided it in determining the deposition's necessity. Surgery Ctr., LLC v. Fid. & Guar. Ins., 2008 WL 5272093, at *2 (S.D. Miss. Dec. 17, 2008). The general rule, as stated in

---

[1] Kent does not object to each cost's quantum, which is supported by receipts filed by the Defendants.

Southern Surgery Center, is "to allow the recovery of [an] expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." Id. at *2 (quoting Copper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, Int'l Woodworkers of Am., AFL-CIO v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986)).

Applying this rule, there is no question that all of the depositions to which Kent objects were "reasonably necessary" for use in this case. Id. The Defendants clearly had reason to depose Kent because she was the plaintiff in this case, see Myers v. Scales, 2002 WL 31431574, at *1 (S.D. Ind. 2002), and the other depositions were noticed and taken by Kent, not the Defendants, making it entirely reasonable for the Defendants to attend the depositions and request transcripts. Not only were the depositions reasonable at the time they were taken, the deposition testimony was, in fact, actually presented to and used by the Court in its resolution of the case. Kent is well aware that the Court viewed and considered her video deposition at the summary judgment hearing held on April 11, 2012, at the United States Courthouse in Natchez, Mississippi. She is also presumably aware that the Court relied heavily on the deposition testimony of Dr. Veena Shenoy, Darlene White, Hal Harrington, Vance Reynolds, and Rebecca Columbus, in its Memorandum Opinion and Order granting summary judgment to the

Defendants. See generally, Apr. 30, 2012 Order. There is no merit to Kent's argument that the transcripts or video/audio recordings of these depositions were not reasonably necessary,[2] and therefore the Court will deny Kent's objection to the assessment of these costs.

*Transcript of the Evidentiary Hearing*

Next, Kent argues that the cost for obtaining a transcript of the evidentiary hearing is "clearly not recoverable" but provides no explanation or legal authority to substantiate this conclusory assertion. See Pl.'s Objection to Bill of Costs ¶ 5. In contrast, the Defendants explain that (1) they requested the transcript in the event that the Court needed it and that (2) it was necessary to obtain a record of new testimony presented at the hearing in preparation for a possible trial. But they, like Kent, offer no legal authority for their position.

The Defendants' first argument can be summarily dismissed since the Court can obtain a copy of the hearing transcript free of cost pursuant to the Court Report's Act. See 28 U.S.C. § 753(b). But the Defendant's second argument has merit. In Holmes v. Cessna Aircraft Company the Fifth Circuit affirmed the district court's

---

[2] To the extent that Kent opposes costs associated with her deposition because it was a video deposition, the Court notes that 28 U.S.C. § 1920(2) was amended in 2008 to specifically provide for the recovery of "[f]ees for . . . electronically recorded transcripts." See, Illinois Cent. R. Co. v. Harried, 2011 WL 283925, at *3 (S.D. Miss. Jan. 25, 2011).

4

award of costs for daily trial transcripts because they were necessarily obtained for use in the case. 11 F.3d 63, 64 (5th Cir. 2004). In reaching this decision, the Fifth Circuit drew a distinction between costs that were incurred "primarily for the convenience of the prevailing party" and those that were "necessarily obtained for the case." Id. at 54. Having conducted the hearing, the Court is cognizant of the fact that a live witness, Chris Jones, provided new and important testimony to the Defendants' case. In fact, the new testimony was referenced in multiple places in the Court's Memorandum Opinion and Order. Apr. 30, 2012 Mem. Op. & Order at 28 n.23, 29 n.26. Therefore, the Court accepts the Defendants' position that the transcript was "necessarily obtained for the case" and will deny Kent's objection to this cost.

*Copy of Prior Lawsuit and Copy of Mississippi Department of Employment Security File*

Finally, Kent objects to the Defendants' retrieval fee incurred when they obtained a copy of Kent's prior employment discrimination lawsuit against her former employer and also the cost of obtaining a copy of her MDES file. In addition to challenging the appropriateness of these costs under the necessarily-obtained-for-use standard, Kent objects to the Defendants' procurement of the MDES file for the additional reason that she provided them with the file during discovery at her expense. The Defendants primarily argue in response that it was

5

reasonably necessary to obtain a copy of these records because both records could have contained testimony that may have been of use in the case. The Defendants also state that they are not required to rely on the documents produced by Kent during discovery.

The Court finds merit in Kent's objection to the retrieval fee. The Defendants have not convinced this Court that Kent's prior employment discrimination lawsuit had any bearing on the case. The Court understands how obtaining this record could be convenient, but does not believe this record was necessary to their defense of this case. Holmes, 11 F.3d at 64. Indeed, it is telling that the Defendants made no mention to the Court of this prior lawsuit. Additionally, the Court is persuaded by Kent's argument that she should not have to pay for a second MDES file. While it may be true as a general proposition that a defendant is not required to rely on documents produced in discovery by the plaintiff, the Defendants have not come forward with evidence or argument explaining why they chose not to rely on the file produced by Kent. Because it is not obvious on principle alone that obtaining a duplicate file was necessary to this case, the Court will also sustain Kent's objection to the assessment of this cost.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion Objecting to Bill of Costs [**docket entry no. 111**] is **GRANTED IN PART AND DENIED IN PART**. The Court finds that the Defendants are

not entitled to the $45 retrieval fee for a copy of the Plaintiff's employment discrimination lawsuit against her prior employer and the $28.50 copy fee for her MDES file. In all other respects, the Court denies Kent's objections. **IT IS THEREFORE HEREBY ORDERED THAT** costs are taxed against Plaintiff Debra Kent in the amount of $7170.05 and included in the judgment.

So **ORDERED,** this the 13th day of August, 2012.

                                           /s/ David Bramlette
                                      **UNITED STATES DISTRICT JUDGE**